IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 15, 2004

## YASMOND FENDERSON v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Knox County**
**No. 77793     Richard Baumgartner, Judge**

_____

**No. E2003-02995-CCA-R3-PC - July 1, 2004**

_____

The petitioner contends that the trial court erred in dismissing his petition for writ of error coram nobis. We conclude that the trial court did not err in finding that the petition is time barred and the petitioner has not advanced any grounds for which the statute of limitations should be tolled. We affirm the dismissal by the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and THOMAS T. WOODALL, JJ., joined.

J. Liddell Kirk, Knoxville, Tennessee, for the appellant, Yasmond Fenderson.

Paul G. Summers, Attorney General and Reporter; John H. Bledsoe, Assistant Attorney General; Randall E. Nichols, District Attorney General; and Philip H. Morton, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The petitioner, Yasmond Fenderson, was convicted of second degree murder and conspiracy to commit second degree murder, and on direct appeal, this Court affirmed the judgment. State v. Yasmond Fenderson, No. 03C01-9711-CR-00496, 1999 Tenn. Crim. App. LEXIS 7 (Tenn. Crim. App., at Knoxville, Jan. 6, 1999). The petitioner sought post-conviction relief, and this Court affirmed the post-conviction court's denial of relief. Yasmond Fenderson v. State, No. E2001-01088-CCA-R3-PC, 2002 Tenn. Crim. App. LEXIS 402 (Tenn. Crim. App., at Knoxville, May 2, 2002). On July 28, 2003, the petitioner filed a petition for writ of error coram nobis. According to the petitioner, the trial court gave an erroneous jury instruction concerning the definition of "knowingly." See State v. Page, 81 S.W.3d 781 (Tenn. Crim. App. 2002) (the Page decision was issued on April 16, 2002, several years after the petitioner's trial). Following a hearing on the petition, the trial court dismissed the petition as untimely. Further, the court found that even if the

motion were treated as a motion to reopen post-conviction proceedings, the petitioner would not be entitled to relief because Page does not apply retroactively.

The petitioner contends on appeal that the trial court erred in dismissing his petition for writ of error coram nobis. Trial courts may grant a criminal defendant a new trial following a judgment of conviction under limited circumstances through the extraordinary remedy offered by a writ of error coram nobis. Tenn. Code Ann. § 40-26-105; State v. Mixon, 983 S.W.2d 661, 666 (Tenn. 1999). A writ of error coram nobis may be granted where the defendant establishes the existence of newly discovered evidence relating to matters litigated at trial if the defendant shows he was without fault in failing to present the evidence at the proper time and if the judge determines the evidence may have resulted in a different judgment had it been presented to the jury. Tenn. Code Ann. § 40-26-105; Mixon, 983 S.W.2d at 668. The decision to grant or deny a petition for writ of error coram nobis based on newly discovered evidence lies within the sound discretion of the trial court. Tenn. Code Ann. § 40-26-105; State v. Hart, 911 S.W.2d 371, 375 (Tenn. Crim. App. 1995). Therefore, we will not overturn the decision of the trial court absent a showing of abuse of discretion.

The appropriate period for filing a petition for writ of error coram nobis is one year after the judgment becomes final in the trial court or, if a specified post-trial motion is filed, one year from entry of an order disposing of the post-trial motion. See Tenn. Code Ann. § 27-7-103; Mixon, 983 S.W.2d at 670; T.R.A.P. 4(c). However, there are some circumstances under which the statute of limitations should be tolled. Workman v. State, 41 S.W.3d 100 (Tenn. 2001); State v. Ratliff, 71 S.W.3d 291 (Tenn. Crim. App. 2001). In Workman, our supreme court held that the constitutional rights of due process may require tolling of the statute of limitations in a proceeding where a petition for writ of error coram nobis has been filed. 41 S.W.3d at 103. Workman involved a capital case wherein the petitioner argued that late-discovered evidence, including a previously unavailable x-ray and the recanted testimony of a crucial witness, would show that he was actually innocent of the crime for which he was convicted. The court concluded that the defendant's private interest to have a hearing on the grounds of newly discovered evidence which may have established his actual innocence outweighed the State's interest in preventing stale and groundless claims. Id. In Ratliff, this Court applied the holding in Workman to a conviction in a non-capital case. 71 S.W.3d at 298. The defendant in Ratliff was convicted of rape of a child and sentenced to serve twenty-four years in the Department of Correction. The judgment became final on December 7, 1998. The defendant filed a petition for writ of error coram nobis on December 21, 1999, fourteen days outside the applicable statute of limitations. The new evidence was alleged to be a total recantation of the testimony by the victim. This Court noted that the great weight of evidence against the defendant came from the testimony of the victim at trial. In November 1999, the victim and her mother had contacted the prosecutor's office to discuss the fact that the victim had given false testimony at the defendant's trial. This Court held that, under the circumstances, due process precluded a summary dismissal of the petition for writ of error coram nobis based upon the expiration of the statute of limitations. Id.

In the present case, the petition for writ of error coram nobis filed in 2003 was clearly outside the statute of limitations, as the judgment of the trial court became final sometime before 1999.[1] Moreover, the petitioner's contention is that the trial court gave erroneous jury instructions. The violation alleged by the petitioner is not "newly discovered evidence" within the parameters for relief provided by the writ of error coram nobis. We conclude that the trial court did not err in finding that the petition is time barred and the petitioner has not advanced any grounds for which the statute of limitations should be tolled. Accordingly, the petitioner is not entitled to relief on this issue.

In the alternative, the petitioner argues that his claim could be treated as a motion to reopen his post-conviction claim. This claim would still fail because this Court would lack jurisdiction to review the trial court's dismissal of the motion to reopen. In seeking review of the trial court's denial of a motion to reopen, a petitioner shall file, within ten days of the lower court's ruling, an application in the Court of Criminal Appeals seeking permission to appeal. Tenn. Code Ann. § 40-30-117(c). The application shall be accompanied by copies of all the documents filed by both parties in the trial court and the order denying the motion. Id. The order dismissing the petition was filed on January 22, 2004. The petitioner did not file an application for permission to appeal in the Court of Criminal Appeals within the appropriate time period. Instead, the petitioner filed *notice of appeal* in the *Knox County Criminal Court* on December 19, 2003. Subsequently, the petitioner filed a pro se *notice of appeal* in this Court *on February 27, 2004*. Neither filing complies with the statutory requirements for seeking appellate review.

An appeal as of right is not available for review of a lower court's denial of a motion to reopen a petition for post-conviction relief. See Tenn. R. App. P. 3(b); see also John Harold Williams, Jr. v. State, No. W1999-01731-CCA-R3-PC, 2000 Tenn. Crim. App. LEXIS 277 (Tenn. Crim. App., at Jackson, Mar. 23, 2000). In order to obtain appellate review of the trial court's order, a petitioner must comply with the statutory requirements contained in section 40-30-117(c). See John Harold Williams, Jr., 2000 Tenn. Crim. App. LEXIS 277; William Lee Drumbarger v. State, No. M1999-01444-CCA-R3-PC, 1999 Tenn. Crim. App. LEXIS 1199 (Tenn. Crim. App., at Nashville, Dec. 7, 1999); Lucy Killebrew v. State, No. 03C01-9809-CR-00320, 1999 Tenn. Crim. App. LEXIS 972 (Tenn. Crim. App., at Knoxville, Oct. 5, 1999). The failure of a petitioner to comply with statutory requirements governing review of a denial of a motion to reopen deprives this Court of jurisdiction to entertain such matters. John Harold Williams, Jr., 2000 Tenn. Crim. App. LEXIS 277. Finally, neither the Post-Conviction Procedure Act nor the Rules of the Supreme Court permit this Court to suspend the statutory requirements. Id. Accordingly, this Court is without jurisdiction to entertain this claim.

---

[1] From the record before us, we are unable to discern the exact date that the lower court's judgment became final. However, this Court's opinion in the petitioner's direct appeal was issued on January 6, 1999. Therefore, the judgment of the trial court obviously became final before that date.

Based on the foregoing and the record as a whole, we conclude that the trial court did not err in finding that the petition is time barred and the petitioner has not advanced any grounds for which the statute of limitations should be tolled.  We affirm the judgment of the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE